CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
September 10, 2025
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **BRANDI M. G.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No: 7:24-CV-286 |
| v. ) | |
| ) | |
| **FRANK J. BISIGNANO,** ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

This social security disability appeal was referred to the Honorable C. Kailani Memmer, United States Magistrate Judge, for proposed findings of fact and a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge filed a report and recommendation ("R&R") on July 22, 2025, recommending that this court affirm the Commissioner's final decision. Dkt. 18. Plaintiff filed objections to the R&R and this matter is now ripe for consideration. I overrule Plaintiff's objections and adopt the magistrate judge's R&R in its entirety.

### I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the R&R.

### II. DISCUSSION

**A. Standard of Review**

Where, as here, a matter has been referred to a magistrate judge under 28 U.S.C. § 636(b)(1), the court reviews de novo the portions of the report or specified proposed findings or recommendations to which a timely objection has been made. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). For an objection to

trigger de novo review, an objecting party "must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478, F.3d 616, 622 (4th Cir. 2007). "If a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only." *Elijah*, 66 F.4th at 460 (citing *Diamond v. Colonial Life & Accident Co.*, 416 F.3d 310, 315 (4th Cir. 2005)). "[O]bjections need not be novel to be sufficiently specific." *Id.* In fact, district courts are "not required to consider new arguments posed in objections to the magistrate's recommendation." *Id.* at n. 3 (citation omitted).

In the absence of objections, the district court reviews the R&R for clear error and is not required to explain its reasoning for adopting the report. *Farmer v. McBride*, 177 F. App'x 327, 331 (4th Cir. 2006) (citing *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983)); *Diamond*, 416 F.3d at 315. The district judge may accept, reject, or modify, in whole or in part, the findings and recommendations in the R&R. *Id.*

When reviewing the decision of an ALJ, the court must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations and alterations omitted); *see also Biestek*, 139 S. Ct. at 1154 (emphasizing that the standard for substantial evidence "is not high"). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v.*

2

*Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d at 589). However, a reviewing court should not "reflexively rubber-stamp an ALJ's findings," *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

### B. Analysis

Plaintiff objects to the following aspects of the R&R:

1) The R&R erred in concluding that substantial evidence supports the ALJ's assessment of plaintiff's physical impairments and RFC, specifically by concluding that the ALJ adequately explained how he accommodated plaintiff's complaints of syncope and pain in his RFC.

2) The R&R erred in concluding that the ALJ's adequately explained why plaintiff's moderate limitation in interacting with others is accommodated in her RFC.

3) The R&R erred in concluding that the ALJ properly assessed the medical opinion evidence.

4) The R&R erred in concluding that the ALJ properly assessed plaintiff's subjective complaints, including because the ALJ failed to consider the extent to which plaintiff actually performed daily activities.

5) The R&R erred in concluding that the ALJ built a logical bridge between the evidence and his conclusion that plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms were inconsistent with other evidence in the record.

6) The R&R erred in concluding that the ALJ's failure to explicitly discuss plaintiff's ability to work an eight-hour day in the RFC is not reversible error.

I have conducted a careful de novo review of Plaintiff's objections, the record, the R&R, the arguments of counsel, and the applicable law, and agree with the magistrate judge's recommendation. I find that the magistrate judge applied the proper standard of review, that there is substantial evidence in the record to support the ALJ's findings of fact and conclusions of law, and that the ALJ's decision is in accord with relevant case precedent.

### III.   CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Objections to the R&R, Dkt. 19, are **DENIED**;

2. The Magistrate Judge's Report and Recommendation, Dkt. 18, is fully **ACCEPTED** and **ADOPTED**;

3. The decision of the Commissioner is **AFFIRMED**; and

4. A separate final judgment will be entered.

    Entered: September 10, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge